IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LARSON ELECTRONICS, LLC, <br><br> Defendant. | Case No. 2:19-cv-276-JRG-RSP <br><br> PATENT CASE <br><br> JURY TRIAL DEMANDED |

**LARSON ELECTRONICS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Larson Electronics, LLC ("Larson") files this Answer and Counterclaims to Cedar Lane Technologies, Inc.'s ("Plaintiff" or "Cedar Lane") Complaint for Patent Infringement ("Complaint"). Larson denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**PARTIES**

1. Larson is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Larson admits that it is a corporation organized and existing under the laws of Texas that maintains its principal place of business located at 9419 E Highway 175, Kemp, TX 75143-3357.

## JURISDICTION

3. Larson admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code, but denies that Plaintiff's claims have any merit.

4. Larson admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Larson denies the allegations in Paragraph 5 of the Complaint.

## VENUE

6. Larson denies the allegations in Paragraph 5 of the Complaint.

## PATENTS-IN-SUIT

7. Larson denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Larson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

### The '963 Patent

8. Larson admits that a purported copy of U.S. Patent No. 8,733,963 (the "'963 Patent") is attached to the Complaint as Exhibit 1 entitled "Portable Solar Light Tower" and that the face of the patent indicates that it issued on May 27, 2014, from an application that was filed on March 8, 2010. Larson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. Larson denies the allegations in Paragraph 9 of the Complaint.

### The '100 Patent

10. Larson admits that a purported copy of U.S. Patent No. 9,428,100 (the "'100 Patent") is attached to the Complaint as Exhibit 2 entitled "Portable Solar Light Tower" and that the face of the patent indicates that it issued on August 30, 2016, from an application that was filed on April 1, 2014. Larson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Larson denies the allegations in Paragraph 11 of the Complaint.

### COUNT 1: [ALLEGED] INFRINGEMENT OF THE '963 PATENT

12. Larson incorporates by reference each of its responses set forth in Paragraphs 1-11 above as if fully set forth herein.

13. **[Alleged] Direct Infringement.** Larson denies the allegations in Paragraph 13 of the Complaint.

14. Larson denies the allegations in Paragraph 14 of the Complaint.

15. Larson denies the allegations in Paragraph 15 of the Complaint.

16. Larson denies the allegations in Paragraph 16 of the Complaint.

17. **[Alleged] Induced Infringement.** Larson denies the allegations in Paragraph 17 of the Complaint.

18. **[Alleged] Contributory Infringement.** Larson denies the allegations in Paragraph 18 of the Complaint.

19. Larson denies the allegations in Paragraph 19 of the Complaint.

20. Larson denies the allegations in Paragraph 20 of the Complaint.

21. Larson denies the allegations in Paragraph 21 of the Complaint.

### COUNT 2: [ALLEGED] INFRINGEMENT OF THE '100 PATENT

22. Larson incorporates by reference each of its responses set forth in Paragraphs 1-21 above as if fully set forth herein.

23. **[Alleged] Direct Infringement.** Larson denies the allegations in Paragraph 23 of the Complaint.

24. Larson denies the allegations in Paragraph 24 of the Complaint.

25. Larson denies the allegations in Paragraph 25 of the Complaint.

26. Larson denies the allegations in Paragraph 26 of the Complaint.

27. **[Alleged] Induced Infringement.** Larson denies the allegations in Paragraph 27 of the Complaint.

28. **[Alleged] Contributory Infringement.** Larson denies the allegations in Paragraph 28 of the Complaint.

29. Larson denies the allegations in Paragraph 29 of the Complaint.

30. Larson denies the allegations in Paragraph 30 of the Complaint.

31. Larson denies the allegations in Paragraph 31 of the Complaint.

### JURY DEMAND

32. Larson is not required to provide a response to Plaintiff's demand for a jury trial.

### PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Larson denies that Plaintiff is entitled to any judgment against Larson and/or an order granting

relief in any of the forms requested in parts A-F.

## AFFIRMATIVE DEFENSES

Larson's Affirmative Defenses are listed below. Larson denies any allegations in the Complaint not specifically admitted above.  Larson reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

Larson has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Patents-in-Suit.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Larson's actions allegedly infringe the Patents-in-Suit, Larson is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Larson indirectly infringes, either by contributory infringement or inducement of infringement, Larson is not liable to Plaintiff for the acts alleged to have been performed before Larson knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the Patents-in-Suit that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Patents-in-Suit against Larson is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by Larson.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Should Larson be found to infringe any valid, enforceable claim of the Patents-in-Suit, such infringement was not willful.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

### ELEVENTH AFFIRMATIVE DEFENSE

Venue is improper in this judicial district and, on that basis, Plaintiff's claims against Larson should be dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

Larson reserves the right to add an additional defense of inequitable conduct if and when such information is discovered.

## LARSON'S COUNTERCLAIMS

For its counterclaims against Counterclaim Defendant Cedar Lane Technologies, Inc. ("Cedar Lane"), Counterclaim Plaintiff Larson Electronics, LLC ("Larson"), alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Larson is a corporation organized and existing under the laws of the State of Texas, with a principal place of business located at 9419 E Highway 175, Kemp, TX 75143-3357.

2. Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Cedar Lane, is a company organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

## JURISDICTION AND VENUE

3. Larson incorporates by reference paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Cedar Lane has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this judicial district, as set forth in its Complaint.

6. If venue is proper in this judicial district in the underlying action, venue also is proper, though not necessarily convenient, in this judicial district pursuant to at

least 28 U.S.C. § 1391 and 1400, based solely on the filing of the underlying action.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. Larson incorporates by reference Paragraphs 1-6 above.

8. Based on the filing of this action and at least Larson's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Larson infringes U.S. Patent Nos. 8,733,963 (the "'963 Patent") and 9,428,100 (the "'100 Patent") (collectively, the "Patents-in-Suit").

9. Larson does not infringe at least Claim 1 of the '963 Patent because, inter alia, the accused system does not comprise: (1) "a first solar panel . . . rotatable to a substantially horizontal orientation"; (2) "a second solar panel . . . rotatable to a substantially horizontal orientation"; or (3) "a light coupled to the portable base plate for illuminating an area using the electricity from the solar panel."

10. Larson does not infringe at least Claim 1 of the '100 Patent because, inter alia, the accused system does not comprise: (1) "at least one solar panel . . . rotatable from a horizontal position to a substantially vertical position" or (2) "a light coupled to the portable base plate for illuminating an area using the electricity from the plurality of solar panels."

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Larson requests a declaration by the Court that Larson has not infringed and does not infringe any claim of the Patents-in-Suit under any theory of infringement.

## COUNT II
## DECLARATION REGARDING INVALIDITY

12. Larson incorporates by reference Paragraphs 1–11 above.

13. Based on Cedar Lane's filing of this action and at least Larson's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

14. The asserted claims of the Patents-in-Suit are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 7,878,192, and U.S. Patent Application Publication Nos. 2004/0124711, 2006/0260672, 2010/0207452.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Larson requests a declaration by the Court that the claims of the Patent-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Hollister asks this Court to enter judgment in Larson's favor and against Cedar Lane by granting the following relief:

a) a declaration that the Patents-in-Suit are invalid and unenforceable;

b) a declaration that Larson does not infringe, under any theory, any valid, enforceable claim of the Patents-in-Suit that may be enforceable;

c) a declaration the Cedar Lane take nothing by its Complaint;

d) judgment against Cedar Lane and in favor of Larson;

e)  dismissal of the Complaint with prejudice;

f)  a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Larson of its costs and attorneys' fees incurred in this action; and

g)  further relief as the Court may deem just and proper.

## JURY DEMAND

Larson hereby demands trial by jury on all issues.

Dated: December 10, 2019

Respectfully submitted,

By: */s/ Neil J. McNabnay*
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla
rbonilla@fr.com
Texas Bar No. 24082704
Lance Wyatt
wyatt@fr.com
Texas Bar No. 24093397

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
LARSON ELECTRONICS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 10, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Neil J. McNabnay*
Neil J. McNabnay
